# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA GARZA AND ASCENCION GARZA | § § § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § § | |
| | § | JURY DEMANDED |
| ALLSTATE INSURANCE | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Improperly Named Allstate Insurance, and pursuant to Rule 15, Federal Rules of Civil Procedure, and 28 U.S.C. Sections 1441 and 1446, files this its Notice of Removal and in connection therewith would respectfully show the Court the following:

### I.
### BACKGROUND

Petitioner is the Defendant in a civil action now pending in the County Court at Law Number 7 of Hidalgo County, Texas, Cause Number CL-16-4726-G, styled *Maria Garza and Ascencion Garza v. Allstate Insurance*, wherein Plaintiffs seek monetary relief for property damage, breach of contract and alleged violations of the Texas Insurance Code, and Deceptive Trade Practices Act (DTPA), as well as claims for breach of the duty of good faith and fair dealing and gross negligence.

### II.
### BASIS FOR REMOVAL

The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties under 28 U.S.C. §§ 1332 (a)(1), 1441(a) and 1446. The Defendant is diverse in citizenship from the Plaintiffs. No Defendant is a citizen of the State of

Texas.

### III.
### DIVERSITY OF CITIZENSHIP

The Plaintiffs, Maria Garza and Ascencion Garza, are domiciled in Hidalgo County, in the State of Texas, and were domiciled there at the time this action was commenced. Plaintiffs were at that time and are now citizens of the State of Texas.

Allstate Vehicle and Property Insurance Company is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced at Northbrook, Cook County, in the State of Illinois. Defendant is now, and was at the time this action was commenced, a citizen of the State of Illinois and of no other state.

Accordingly, diversity of citizenship exists among the parties.

### IV.
### AMOUNT IN CONTROVERSY

The amount in controversy in this action exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). Although Plaintiffs purport to assert claims for less than the jurisdictional amount, a careful reading of their pleadings reflects that they are clearly seeking damages in excess of $75,000.00 and the claims made would entitle them to damages in excess of $75,000.00, should they prevail.

### V.
### CLAIMS MADE

1. **<u>Unfair Claim Settlement Practice – Article 21.21</u>**

Plaintiffs' first cause of action is for unfair claim settlement practices pursuant to Article 21.21 of the Texas Insurance Code[1]. For that claim, Plaintiffs state: "Plaintiffs have been damaged in an amount not to exceed $74,000.00." However, they go on to state: "Plaintiffs have **further**

incurred costs in having to employ the undersigned attorney to prosecute this action for which they should **also** be compensated." *See paragraph 7.4 of Plaintiffs' Original Petition.* Additionally, Plaintiffs seek treble damages. *See paragraph 7.5 of Plaintiffs' Original Petition*.

2. **Breach of the Duty of Good Faith and Fair Dealing**

Plaintiffs next assert a cause of action for breach of the duty of good faith and fair dealing. Plaintiffs contend as a result of Defendant's alleged tortuous conduct they have been damaged in an amount not to exceed $74,000.00. *See paragraph 8.3 of Plaintiffs' Original Petition*. Plaintiffs go on to seek exemplary damages "in an amount not to exceed $74,000.00." *See paragraph 8.4 of Plaintiffs' Original Petition.* For this cause of action alone, Plaintiffs seek $148,000.00 in both actual and punitive damages.

3. **Failure to Comply with Prompt Payment Statute: Article 21.55**

Plaintiffs next assert a cause of action for violation of the prompt payment statute, Article 21.55.[2] First, they claim damages not to exceed $74,000.00 for Allstate Texas Lloyds "tortuous conduct". They go on to plead that they are entitled to recover an additional sum of 18% plus reasonable attorney's fees. *See paragraph 9.2 of Plaintiffs' Original Petition.* They once again attempt to limit their recovery to $74,000.00.

4. **Breach of Contract**

Plaintiffs' fourth cause of action is for breach of contract. For those damages, Plaintiffs seek damages in an amount not to exceed $74,000.00. *See paragraph 10.2 of Plaintiffs' Original Petition*. **Additionally**, Plaintiffs had to retain an attorney for which they **also seek** compensation. *See paragraph 10.3 of Plaintiffs' Original Petition.* Although they seek this additional compensation, they claim any judgment will not exceed $74,000.00.

---

[1] Article 21.21 has been recodified at Texas Insurance Code §541.060, 541.151, 541.152.
[2] Article 21.55 has been recodified at Texas Insurance Code §§542.060. 542.055, 542.056, 542.057.
S:\McAllen\April Burner\FEDERAL COURT\38479 Ascencion Garza (Fernando Lopez)\Ntc of Removal (Fed).doc

5. **Violation of the DTPA**

Plaintiffs' fifth cause of action is for alleged Deceptive Trade Practice Act violations. Plaintiffs seek damages and **in addition,** statutory treble damages not to exceed $74,000.00. *See paragraph 11.3 of Plaintiffs' Original Petition.* Finally, they are **also** entitled to attorney's fees. *See paragraph 11.4 of Plaintiffs' Original Petition.*

6. **Gross Negligence**

At Paragraph XIII, Plaintiffs assert claims for gross negligence. They assert that these damages do not exceed $74,000.00. However, exemplary damages are damages awarded in addition to actual damages. The pleadings reflect that they are seeking both actual and exemplary damages. Thus, the damages exceed the amount in controversy, necessary to confer diversity jurisdiction.

## VI.
## LEGAL AUTHORITY

It is clear that Plaintiffs assert claims in excess of the jurisdictional amount. On the one hand they assert damages do not exceed $74,000.00 but then go on to additionally and also seek attorney's fees, treble damages, 18% penalties and exemplary damages. Defendant recognizes that the sum claimed by the Plaintiffs generally controls, if made in good faith. *St. Paul Mercury Indemnity Co. Red Cab Co., 303 U.S. 283, 288, 58 S. Ct. 586, 590, 82 L.Ed. 845 (1938)* However, in this case Plaintiffs are specifically attempting to limit their recovery in an attempt to avoid federal jurisdiction while asserting claims for damages exceeding that limit. Thus, their claims are not made in good faith and their pleadings do not control. Based on the above review of Plaintiffs' pleading, Defendant has established that the amount in controversy exceeds $75,000.00 *See De Aguilar v. Boeing, 47 F. 3d 1404 (5th Cir. 1995).* The pleadings in this case are strikingly similar to those in *Troiani v. Allstate; 2006 WL 1851378* wherein the Court held that despite Plaintiffs' pleadings, the amount in controversy exceeded $75,000.00.

## VII.

In determining the amount in controversy, the court may consider "policy limits….penalties, statutory damages and punitive damages." ***St. Paul Reinsurance Co. Ltd. V. Greenberg, 134 F3.d 1250, 1253 (5th Cir. 1998); See Ray v. State Farm Lloyds, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at \*2-3 (N.D. Tex. Mar. 10, 1999)*** (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); ***Fairmont Travel, Inc. v. George S. May Int'l Co., 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999)*** (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); ***Chittick v. Farmers Ins. Exch., 844 F. Supp. 1153, 1155 (S.D. Tex. 1994)*** (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

## VIII.

The amount in controversy in this action exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).  Should Plaintiffs prevail on the claims against Defendant stated in the Plaintiff's Original Petition, attached to this Notice, Plaintiff would be entitled to damages in excess of Seventy-Five Thousand Dollars ($75,000.00). The applicable policy provides dwelling limits of $154,494.00, other structure limits of $15,450.00 and contents coverage of $92,697.00.  See declarations page attached as Exhibit A.  Prior to suit, Plaintiff submitted a demand, which is attached as Exhibit B.  At a minimum, Plaintiff is seeking $183,660.12, including interest and penalties.  Considering Plaintiff's pleadings and the damages Plaintiff would be entitled

to, should they prevail, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

### IX.

Removal of this action is proper under 28 U.S.C. §1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1332 because the Plaintiffs and Defendant are diverse in citizenship and the amount in controversy exceeds $75,000.00.

### X.

This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiffs' Original Petition, which was the first notice to Defendant of this lawsuit. This removal is filed under 28 U.S.C. Section 1446(b).

### XI.

Petitioner's time to answer or remove with respect to the Plaintiffs' Original Petition has not expired.  Plaintiffs' Original Petition was served on the Defendant on December 20, 2016.

### XII.

This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1331 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441.  Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

WHEREFORE, ALLSTATE TEXAS LLOYDS, Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, removes this action for trial from the County Court at Law No. 7, Hidalgo County, Texas to this Court, on this 19th day of January 2017.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
10225 North 10th Street
McAllen, Texas   78504
(956) 393-6300
(956) 386-1625 (Fax)

BY:      /s/ *Rosemary Conrad-Sandoval*
          Rosemary Conrad-Sandoval
          State Bar #04709300
          Federal ID #13738
          R. Jordan Riley
          State Bar #24064424
          Federal ID #2515695
ATTORNEYS FOR DEFENDANT

## **VERIFICATION**

THE STATE OF TEXAS     :
                                            :
COUNTY OF HIDALGO   :

I, ROSEMARY CONRAD-SANDOVAL, being first duly sworn, depose and say that: I am counsel for Petitioner, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.

                                                                           _____
                                                                           ROSEMARY CONRAD-SANDOVAL

SUBSCRIBED AND SWORN TO BEFORE ME by the said ROSEMARY CONRAD-SANDOVAL, this 19th day of January, 2017, to certify which witness my hand and seal of office.



                                                                           _____
                                                                           Notary Public, State of Texas

## **CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail, Return Receipt Requested, to the Attorney for Plaintiffs, as follows:

Fernando J. Lopez
LAW OFFICE OF FERNANDO J. LOPEZ
2611 N. Texas Blvd., Suite 1
Weslaco, Texas 78599

on this 19th day of January, 2017.

                                                         /s/ *Rosemary Conrad-Sandoval*
                                                         ROSEMARY CONRAD-SANDOVAL