Electronically Submitted
12/9/2016 1:04:07 PM
Hidalgo County Clerks Office
Accepted by: Valerie Ortega

CAUSE NO. CL-16-4726-G

| | | |
|---|---|---|
| MARIA GARZA AND ASCENCION GARZA | § | IN THE COUNTY COURT |
| **Plaintiffs** | § | |
| | § | |
| Vs. | § | AT LAW No. _____ |
| | § | |
| ALLSTATE INSURANCE | § | |
| Defendant | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MARIA GARZA AND ASCENCION GARZA. Plaintiffs herein, complaining of and about ALLSTATE INSURANCE, hereinafter referred to as Defendant, and for cause of action would show unto the Court as follows:

### I.    DISCOVERY CONTROL PLAN

1.1 Plaintiff affirmatively pleas that she seeks monetary and other relief not in excess of $74,000.00 and discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure 190.3.

### II. PARTIES AND SERVICE

2.1 Plaintiff MARIA GARZA is an individual residing in Palmview, Hidalgo County, Texas.

2.2 Plaintiff ASCENCION GARZA is an individual residing in Palmview, Hidalgo County, Texas.

2.3 Defendant, ALLSTATE INSURANCE, is an insurance company licensed to do business in Texas which is hereby sued in its common name, pursuant to Rule 28 of the Texas Rules of Civil Procedure. Defendant may be served with process by Certified Mail, Return Receipt Requested through its registered agent as follows: **Sandra Partida, at 1723 N. 23rd Ste. 4, McAllen, Texas 78501**.

Electronically Submitted
12/9/2016 1:04:07 PM
Hidalgo County Clerks Office
Accepted by: Valerie Ortega

CL-16-4726-G

## II.    JURISDICTION AND VENUE

3.1 The insurance claim that is the subject of this suit concerns property located in Hidalgo County, Texas. A substantial part of the cause of action accrued in Hidalgo County, Texas. Further, the contract of insurance was purchased in Hidalgo County, Texas. Therefore, venue is proper in Hidalgo County, Texas. Jurisdiction is properly before this Court.

## IV. PRELIMINARY STATEMENT

4.1 Plaintiff brings this action against Defendant ALLSTATE INSURANCE for breach of contract, breach of the duty of good faith and fair dealing, breach of Articles 21.21 and 21.55 of the Texas Insurance Code, and breach of the Texas Deceptive Trade Practices-Consumer Protection Act in connection with an insurance policy sold by Defendant and Defendant's refusal to adhere to the terms of the policy.

## V. FACTS

5.1 The Defendant insurance company, ALLSTATE INSURANCE issued an insurance policy, naming the Plaintiff as the insured and insuring the Plaintiff's premises and contents therein located at, 1408 1st Lane, Palmview, Texas 78572 against all risks of physical loss to the property, among other things. Pursuant to the terms of the homeowner's policy, Plaintiff had insurance protection on her Dwelling. Plaintiff, also had coverage for her Personal Property.

5.2 During the relevant insurance coverage period, the building insured by Defendant pursuant to the insurance contract sustained significant damage on August 20, 2015 from hailstorms, which besides hail, had strong winds and several inches of rain. The Plaintiff gave written notice to Defendant ALLSTATE INSURANCE advising them of the damage within a reasonable time period. The damage to the home has in effect, rendered the home irreparable and untenantable.

5.3 Plaintiff made timely claims for the damages to her home referenced above in paragraphs. Her claims were justified by the following facts:

1) The claims made by Plaintiff for water damage are covered perils under the policy of insurance; and

Electronically Submitted
12/9/2016 1:04:07 PM
Hidalgo County Clerks Office
Accepted by: Valerie Ortega

CL-16-4726-G

2) The policy was at all times material to this action in full force and effect.

5.4 Despite the fact that all conditions precedent to Plaintiff's recovery have been performed or have occurred, Defendant ALLSTATE INSURANCE has wholly failed and refused to pay Plaintiff in accordance with its contractual obligation. Defendant has further failed to either complete a full-scale investigation of the claims, or determine the scope of the damage to the insured.

## VI. CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE INSURANCE

6.1 Plaintiff's causes of action against Defendant include breach of contract, breach of the duty or good faith and fair dealing, breach of Articles 21.21 and 21.55 of the Texas Insurance Code, and breach of the Texas Deceptive Trade Practices – Consumer Protection Act. Plaintiff notified Defendant ALLSTATE INSURANCE of the damages sustained in her home. Although all conditions precedent to Defendant's obligation to pay Plaintiff's losses under the policy of insurance were performed or did occur, Defendant has failed and refused to pay Plaintiff's claims in accordance with the policy of insurance. Defendant's delay in paying the claims in their entirety is unreasonable, unlawful, and actionable, and the producing and proximate case of the harm suffered by the Plaintiff, as more fully set forth below:

## VII. FIRST CAUSE OF ACTION UNFAIR CLAIM SETTLEMENT PRACTICE: ARTICLE 21.21

7.1 Plaintiff has a direct cause of action against Defendant ALLSTATE INSURANCE under Article 21.21 of the Texas Insurance Code. At the time of the events leading up to the instant lawsuit, Defendant was and is still engaged in the business of insurance, as that term is defined by law and as it is contemplated by Article 21.21.

7.2 After having received notice of the Plaintiff's losses, losses covered by the contract of insurance, Defendant ALLSTATE INSURANCE engaged in several unfair settlement practices, as enumerated and declared unfair or deceptive in Article 21.21 of the Texas Insurance Code, including but not limited to:

Electronically Submitted
12/9/2016 1:04:07 PM
Hidalgo County Clerks Office
Accepted by: Valerie Ortega

CL-16-4726-G

1. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Plaintiff's claims once ALLSTATE INSURANCE's liability became reasonably clear; and

2. Refusing to pay the claim without first conducting a reasonable investigation of the matter.

7.3 Additionally, Defendant ALLSTATE INSURANCE violated Section 16(a) of Article 21.21 of the Texas Insurance Code by engaging in deceptive conduct as set out in the Texas Deceptive Trade Practices-Consumer Protection Act (AD.T.P.A.@). Specifically, Defendant violated the following sections: 17.46(b)(5) of the D.T.P.A. by representing that the homeowner's policy had benefits that it did not have; 17.46(b)(7) by representing that the homeowner's policy was of a particular standard or grade when it was actually of another; 17.46(b)(12) by representing that the policy of insurance conferred rights and remedies which it did not involve; and 17.46(b)(23) by failing to disclose information concerning the policy and the services that would be provided under the policy, when such information was intended to induce Plaintiff into a transaction into which she would not have entered had the information been disclosed.

7.4 As a proximate result of Defendant ALLSTATE INSURANCE's tortious conduct, Plaintiff have been damaged in an amount not to exceed $74,000.00. Plaintiff has further incurred cost in having to employ the undersigned attorney to prosecute this action, for which she should also be compensated.

7.5 Finally, the above-described acts, and conduct were knowingly committed by Defendant. ALLSTATE INSURANCE, triggering the mandatory trebling provisions of Article 21.21.

## VIII. SECOND CAUSE OF ACTION AGAINST DEFENDANT BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

8.1 By virtue of the insurer/insured relationship that was created by the contract of insurance into which Plaintiff and ALLSTATE INSURANCE entered, Plaintiff is entitled to make a direct claim against ALLSTATE INSURANCE pursuant to the terms of the policy. The special relationship between the parties to the contract imposed duties upon ALLSTATE INSURANCE to act in good faith and to deal fairly with Plaintiff. These duties were prescribed in the contract when it was consummated. However, from and after the time Plaintiff's claims were presented to ALLSTATE INSURANCE, it failed and refused, without

Electronically Submitted
12/9/2016 1:04:07 PM
Hidalgo County Clerks Office
Accepted by: Valerie Ortega

CL-16-4726-G

good cause, to properly investigate Plaintiff's claims and pay the damages as the policy required.

8.2 Defendant, ALLSTATE INSURANCE knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, the Plaintiff will show that Defendant ALLSTATE INSURANCE failed to conduct a reasonable, proper investigation of the claim and refused to rely on true facts, resorting instead to producing faulty, incomplete, and biased estimates to avoid paying claims.

8.3 Consequently, Defendant ALLSTATE INSURANCE breached its duty to deal fairly and in food faith with the Plaintiff. As a proximate result of Defendant ALLSTATE INSURANCE's tortious conduct, Plaintiff has been damaged in an amount not to exceed $74,000.00.

8.4 Defendant ALLSTATE INSURANCE's breach was aggravated by the kind of malice and/or fraud for which the imposition of exemplary damages is justified. Defendant ALLSTATE INSURANCE's conduct comprising the breach involved an extreme degree of risk of potential harm to the Plaintiff and to her occupants of the home and, despite the fact that Defendant ALLSTATE INSURANCE was actually and subjectively aware of the risk involved, it proceeded with conscious indifference to the rights, safety, and welfare of the Plaintiff. Defendant ALLSTATE INSURANCE's conduct comprising the breach of duty also including the making of a material representation that was false and either known by ALLSTATE INSURANCE to be false or made as a positive assertion with reckless disregard for truth. Defendant ALLSTATE INSURANCE intended that the representation, would be relied upon by the Plaintiff and, in fact, Plaintiff did rely on the representation and suffered harm as a result. Plaintiff, therefore, seeks exemplary damages in an amount not to exceed $74,000.00.

## IX. THIRD CAUSE OF ACTION AGAINST DEFENDANT FAILURE TO COMPLY WITH PROMPT PAYMENT STATUTE: ARTICLE 21.55

9.1 Plaintiff timely notified Defendant ALLSTATE INSURANCE of water damage to her home. Then within a reasonable time period gave written notice to Defendant of several specific claims as a result of the water damage. Defendant ALLSTATE INSURANCE failed

Electronically Submitted
12/9/2016 1:04.07 PM
Hidalgo County Clerks Office
Accepted by: Valerie Ortega

CL-16-4726-G

to timely investigate and pay the claims made by Plaintiff within the time periods prescribed by Article 21.55 of the Texas Insurance Code.

9.2 As a proximate result of Defendant ALLSTATE INSURANCE's tortious conduct, Plaintiff have been damaged in an amount not to exceed $74,000.00. Plaintiff is entitled to recover the amount of the claims and the additional sum of 18 percent per annum of the amount of the claims until the day before the judgment for Plaintiff is signed, plus reasonable attorney's fees, however, in no way will the total recovery exceed $74,000.00.

## X. FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT – BREACH OF CONTRACT

10.1 The homeowner's insurance policy issued by Defendant ALLSTATE INSURANCE to Plaintiff constitutes a written contract, the terms of which were to be fulfilled by both parties. Under the terms of this agreement, ALLSTATE INSURANCE agreed to provide Plaintiff with benefits for any claim covered by the policy. The contract of insurance was in full force and effect during all relevant times. During the policy period, specifically, on August 20,2015 Plaintiff's home sustained water damage upon which Plaintiff's claims are based, and Plaintiff gave Defendant notice of her claims.

10.2 In return, for Defendant ALLSTATE INSURANCE's agreement to provide coverage, Plaintiff agreed to timely pay her insurance premiums, and to notify ALLSTATE INSURANCE of any claims being asserted against it. Plaintiff, fully performed the duties imposed by the contract. Additionally, the circumstances surrounding the water damage of the insured residence conform to the requirements of a compensable claim, as contemplated by the insurance contract. Defendant ALLSTATE INSURANCE in violation of its obligations and promises under the homeowners policy, wrongful refused to provide Plaintiff with coverage of her claims. As a proximate result of Defendant ALLSTATE INSURANCE's breach of its obligations under the policy, Plaintiff has suffered actual damages in an amount not to exceed $74,000.00.

10.3 Additionally, Plaintiff has had to secure the services of the undersigned attorney to prosecute this action, for which she also seeks compensation, however, the total judgment sought will in no way exceed $74,000.00 total.

Electronically Submitted
12/9/2016 1:04:07 PM
Hidalgo County Clerks Office
Accepted by: Valerie Ortega

CL-16-4726-G

## XI. FIFTH CAUSE OF ACTION AGAINST DEFENDANT VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES- CONSUMER PROTECTION ACT

11.1 Plaintiff purchased homeowner's insurance from Defendant ALLSTATE INSURANCE and is therefore, qualified as a consumer, as that term is defined by the D.T.P.A. Defendant ALLSTATE INSURANCE violated various provisions of Section 17.46(b) of the D.T.P.A. by:

1) representing that the homeowner's policy had benefits that it did not have, in violation of section 17.46(b)(5);

2) representing that the homeowner's policy was of a particular standard or grade when it was actually of another, in violation of section 17.46(b)(7);

3) representing that the policy of insurance conferred rights and remedies which it did not involve, in violation of section 17.46(b)(12); and

4) failing to disclose information concerning the policy and the services that would be provided under the policy, when such information was known at the time of the transaction and failure to disclose such information was intended to induce Plaintiff into a transaction into which they would not have entered had the information been disclosed, in violation of section 17.46(b)(23).

11.2 Defendant ALLSTATE INSURANCE is also liable to Plaintiff under section 17.50 of the D.T.P.A., in that it:

1. employed, acts or practices in violation of Article 21.21 of the Texas Insurance Code, as amended, and violated the rules or regulations of the State Board of Insurance under Article 21.21 as more fully described above; and

2. engaged, in unconscionable action by taking advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree and by providing goods and services that were grossly less than the consideration paid by Plaintiff.

11.3 Defendant ALLSTATE INSURANCE's conduct, as described herein, was a producing cause of damages to Plaintiff. In addition, because such conduct involved knowing violations of the D.T.P.A., Plaintiff is entitled to recover additional statutory treble damages in an amount not to exceed $74,000.00.

11.4 Plaintiff is also entitled to the recover of the attorney fees she has incurred by having to employ the undersigned attorney to prosecute this action.

Electronically Submitted
12/9/2016 1:04:07 PM
Hidalgo County Clerks Office
Accepted by: Valerie Ortega

CL-16-4726-G

## XII. AGENCY – DOCTRINE OF RESPONDEAT SUPERIOR

12.1 Pleading further in the alternative, Plaintiff alleges that the acts of the insurance adjusters, adjusting companies, engineers, plumbers, and other contractors, employees, borrowed employees, agents, servants and other persons asked to perform any task on behalf of Defendant, including adjusters, agents, salespersons, engineers, plumbers, air conditioning contractors, contractors, remediation contractors and all other persons so employed, are the acts of authorized or apparently authorized agents of the insurance company, for which the equitable principle of *respondeat superior* applies.

12.2 Plaintiff, further alleges that the insurance carrier has consistently stated, inferred or implied that its agents were employees with actual authority to investigate, adjust and pay the claims. Thus, all such persons are vested with apparent authority which is binding on the Defendant insurance company, and for which the principle of *respondent superior* applies.

## XIII. GROSS NEGLIGENCE

13.1 Plaintiff, reasserts all of the foregoing paragraphs and incorporate same by reference. Plaintiff, made Defendant ALLSTATE INSURANCE aware of the fact that there was visible water damage in the residence and that the home would become irreparable. Plaintiff, will show that Defendant, at all material times hereto, acted with needless and/or reckless disregard of the right of others, including those of Plaintiff, and as such, was grossly negligent. Defendant is and has been indifferent to the risk posed to Plaintiff and her family. Defendant's actions in delaying the claims, failing to adequately identify the scope of loss, and asbestos contaminated building materials, failing to adequately address all sources of water damage, and loss, clearly shows that the Defendant is callously indifferent to the welfare of its insured, the Plaintiff, and constitutes gross negligence. Such gross negligence constitutes a proximate/cause of Plaintiff's damages, and exemplary damages should be assessed against the Defendant insurance company in an amount not to exceed $74,000.00 awarded in this case by the trier of fact.

## XIV. DAMAGES

14.1 Defendant ALLSTATE INSURANCE's conduct was producing cause of the economic damages incurred by Plaintiff. Furthermore, Defendant's conduct was a producing cause of

Electronically Submitted
12/9/2016 1:04:07 PM
Hidalgo County Clerks Office
Accepted by: Valerie Ortega

CL-16-4726-G

mental anguish suffered by Plaintiff, for which Plaintiff is entitled to recover damages. The Defendant's acts and/or omissions as outlined above have proximately caused damages and injuries to Plaintiff, including, but not limited to, the following:

1) the cost of an adequate investigation;
2) the cost of determining the extent of damage;
3) the cost of repair or replacement of any portion of the covered property and consequential damage;
4) the unpaid cost of cleaning, repairing or replacing asbestos contaminated building materials or damaged personal property;
5) the amount of alternative living expenses while the Residence will be under repair;
6) the diminution in value of the Residence;
7) the physical pain and mental anguish Plaintiff suffered in the past as a result of the breach od contract by Defendants, and the physical pain and mental anguish they will in reasonable probability suffer in the future;
8) the amount of reasonable medical expenses necessarily incurred in the past and which in all reasonable probability will be incurred in the future as a result of the asbestos contamination of the residence; and
9) reasonable and necessary attorney's fees in prosecuting this action.

## XV. JURY DEMAND

15.1 Plaintiff request this Court empanel a jury to sit in the trial of this matter. The requisite jury fee will be paid as required by law.

## PRAYER

For the above reasons, Plaintiff requests that the Defendant be cited to answer and appear in this cause and, after a trial on the merits before a jury, Plaintiff be awarded damages against Defendant, as follows:

1) the benefits payable under the insurance policy for each claim made the basis of this suit, together with all allowable interest under the law.
2) The diminution in fair market value of the property, if warranted by law;
3) Statutory penalty for utilizing unfair settlement practices, in violation of Article 21.21 of the Texas Insurance Code;
4) Statutory penalty for Defendant's failure to comply with the prompt payment provisions of Article 21.55 of the Texas Insurance Code;
5) Mental anguish damages;
6) The physical pain and mental anguish Plaintiff suffered in the past as a result of the breach of contract by Defendants, and the physical pain and mental anguish they will in reasonable probability suffer in the future;

Electronically Submitted
12/9/2016 1:04:07 PM
Hidalgo County Clerks Office
Accepted by: Valerie Ortega

**CL-16-4726-G**

7) The amount of reasonable medical expenses necessarily incurred by Plaintiff in the past and which in all reasonable probability will be incurred in the future as a result of the asbestos contamination of the residence;

8) Cost of repairs in the abatement of asbestos;

9) Loss of use during repair;

10) Out of pocket expenses;

11) Any other actual damages incurred;

12) Treble damages as afforded to Plaintiff pursuant to the Texas Deceptive Trade Practices- Consumer Protection Act;

13) Pre-judgment and post-judgment interest at the highest legal rate as provided by law, until paid;

14) Reasonable attorney's fees pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code and/or the Texas Deceptive Trade Practices – Consumer Protection Act;

15) Cost of suit; and

16) Such other and further relief both in law and in equity to which Plaintiff may be justly entitled.

Respectfully Submitted,

**LAW OFFICE OF FERNANDO J. LOPEZ**
2611 N. Texas Blvd., Suite 1
Weslaco, Texas 78599
Tel: (956) 968-7800
Fax: (956) 968-7880

/s/ Fernando J. Lopez

**FERNANDO J. LOPEZ**
State Bar No. 24060186
Attorney for Plaintiff